UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE CARLOS VALDIVIA VERA,

Petitioner,

v. Case No.: 3:26-cv-2199-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.
_____________________________________/

**ORDER**

Petitioner Jose Carlos Valdivia Vera initiated this action by filing a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 2; Initial Petition) on August 24, 2026. See generally Initial Petition. With help from counsel, he filed an Amended Petition for Writ of Habeas Corpus (Doc. 5; Amended Petition) on September 2, 2026. See generally Amended Petition. According to Valdivia Vera, an immigration judge previously ordered him removed. Id. at 2. Valdivia Vera asserts that United States Immigration and Customs Enforcement (ICE) detained him in August 2026. Id. He contends that his continued detention is unlawful because ICE is not likely to remove him in the foreseeable future. Id. at 6–7. And he requests the Court order his immediate release. Id. at 8.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Because ICE took Valdivia Vera into custody less than 180 days before he filed this case, his claim under Zadvydas is not yet ripe. See Amended Petition at 2; see generally Initial Petition. Thus, his claim is due to be dismissed. When Valdivia Vera's Zadvydas claim becomes ripe, he may file a

new petition to seek discharge from custody while he awaits removal. Should he wish to file a new petition, Valdivia Vera must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Valdivia Vera must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1. Valdivia Vera's Amended Petition for Writ of Habeas Corpus (Doc. 5) is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on this 9th day of September, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record